IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| SHARONDA T. MOSLEY<br>　　　　Plaintiff,<br><br>vs.<br><br>CITY OF ST. LOUIS, MISSOURI<br>METROPOLITAN POLICE DEPT.<br>DAVID BONENBERGER<br>DAVID MINOR<br>　　　　Defendant. | Case No.: 4:04CV00016AGF |

CIVIL COMPLAINT PURSUANT TO 28 U.S.C. § 1343

**COMES NOW**, the Plaintiff, Sharonda T. Mosley, pro-se and in absentia and states as follows:

1) Plaintiff, Sharonda T. Mosley, is a resident of the State of Missouri, whose present residence is 5909 Cates, Apartment 2E in the City of Saint Louis, Missouri 63112.

2) Defendant, Metropolitan Police Department, is a public safety business, operating in the State of Missouri, under the jurisdiction of the City of Saint Louis, Missouri.

3) Defendant, David Bonenberger, is a resident of the State of Missouri and is employed as a Police Officer for the Metropolitan Police Department in the City of Saint Louis, Missouri.

S2004-2883

4) Defendant, David Minor, is a resident of the State of Missouri and is employed as a Police Officer for the Metropolitan Police Department in the City of Saint Louis, Missouri.

5) At the time the claim(s) alleged in the complaint arose, the Plaintiff, Sharonda T. Mosley, was a resident of the College Hills Apartments with an address of 2028-A Obear in the City of Saint Louis, Missouri 63107.

6) At the time the claim(s) alleged in the complaint arose, the Defendant, David Bonenberger, was acting in his official capacity as an Police Officer for the Metropolitan Police Department.

7) At the time the claim(s) alleged in the complaint arose, the Defendant, David Minor, was acting in his official capacity as an Police Officer for the Metropolitan Police Department.

8) Jurisdiction is invoked pursuant to 28 U.S.C. § 1343.

## **NATURE OF THE CASE**

1)      Plaintiff, Sharonda T. Mosley, is a single parent living in the confines of her residence in the City of Saint Louis, Missouri. The Plaintiff, Sharonda T. Mosley, is gainfully employed and earns a meager wage for a living.

2)      Defendant, David Bonenberger, is employed as a Police Officer for the Metropolitan Police Department in the confines of the City of Saint Louis, Missouri. The Defendant, David Bonenberger, is assigned the DSN of 4201 with the Metropolitan Police Department.

3)      Defendant, David Minor, is employed as a Police Officer for the Metropolitan Police Department in the confines of the City of Saint Louis, Missouri. The Defendant, David Minor, is assigned the DSN of 3622 with the Metropolitan Police Department.

## **CAUSE OF ACTION**

I allege that my claims arise under the following constitutional provisions or laws of the United States and that the following facts form the basis for my allegations:

### COUNT I

Defendant, David Bonenberger, acting in his official capacity as a deputized Police Officer for the fifth district of the Metropolitan Police Department for the City of Saint Louis, Missouri did unlawfully enter the residence of Plaintiff, Sharonda T. Mosley, without warrant or probable cause and without consent in violation of the Fourth Amendment of the Constitution of the Constitution of the United States of America.

### FACTS

On approximately March 21, 2002 or some time shortly afterwards, the Plaintiff, Sharonda T. Mosley, was in the residence of 2028-A Obear in the City of Saint Louis, Missouri with her daughter, Mikayla, who was approximately 1½ years of age. While attending to the care of her daughter, Defendant, David Bonenberger, used an unauthorized key to enter the residence of the Plaintiff, Sharonda T. Mosley, with his partner Police Officer Banks. Defendant, David Bonenberger, nor his partner, Police Officer Banks provided a search warrant, nor an arrest warrant, nor any other justifiable reason to enter the residence.

## COMMENTARY

Plaintiff, Sharonda T. Mosley, did not give consent for the Defendant, David Bonenberger, nor his partner, Police Office Banks, to enter the residence nor was there any voluntary consent given by Plaintiff, Sharonda T. Mosley. The Defendant, David Bonenberger, and his partner, Police Officer Banks, failed to implement the "knock and announce" rule which is implicated by the Fourth Amendment of the Constitution of the United States of America. [Wilson v. Arkansas, 514 U.S. 927]. The Defendant, David Bonenberger, and his partner, Police Officer Banks, used an unauthorized key, without a valid search warrant or any other justifiable cause or reason to substantiate an unconstitutional entry without implementing the "knock and announce" rule without following proper procedures, and upon the entry of the residence without the consent of the resident is considered arrest. [Sparing v. Village of Olympia Fields, 266 F.3d 684]. Defendant, David Bonenberger, and his partner, Police Officer Banks, violated the Plaintiff, Sharonda T. Mosley's, Fourth Amendment rights by their unwarranted, illegal and unconstitutional entry into the residence with an unauthorized key.

## COUNT II

Defendant, David Bonenberger, acting in his official capacity as a deputized Police Officer for the fifth district of the Metropolitan Police Department for the City of Saint Louis, Missouri and his partner, Police Officer Banks, acting in his official capacity as a deputized Police Officer for the fifth district of the Metropolitan Police Department for the City of Saint Louis, Missouri did knowingly and willfully enter the residence without voluntary consent and without warrant, search warrant or probable cause and searched the residence of Plaintiff, Sharonda T. Mosley, in violation of the Fourth Amendment of the Constitution of the Constitution of the United States of America.

## FACTS

On approximately March 21, 2002 or some time shortly afterwards, the Plaintiff, Sharonda T. Mosley, was in the residence of 2028-A Obear in the city of Saint Louis, Missouri with her daughter, Mikayla, who was approximately 1½ years of age. While attending to the care of her daughter, Defendant, David Bonenberger, and his partner, Police Officer Banks, used an unauthorized key and entered the residence of the Plaintiff, Sharonda T. Mosley. Neither the Defendant, David Bonenberger nor his partner, Police Officer Banks provided the Plaintiff, Sharonda T. Mosley, with a search warrant, nor an arrest warrant, nor any other justifiable reason to enter the residence and search the residence.

COMMENTARY

Plaintiff, Sharonda T. Mosley, did not give consent for the Defendant, David Bonenberger, nor his partner, Police Officer Banks, to enter the residence nor was there any voluntary consent given by Plaintiff, Sharonda T. Mosley. The Defendant, David Bonenberger, and his partner, Police Officer Banks, used an unauthorized key and entered the residence. Consent to enter the residence was not shown to be voluntary. [United States v. Ivy, 165 F.3d 397]. The Defendant, David Bonenberger, and his partner, Police Officer Banks, failed to implement the "knock and announce" rule which is implicated by the Fourth Amendment to the Constitution of the United States of America. The "knock and announce" rule applies to all attempts at forcible entry. [United States v. Cantu, 230 F.3d 148]. Being that the Plaintiff, Sharonda T. Mosley, did not give consent for the Defendant, David Bonenberger, nor his partner, Police Officer Banks, then it is considered as forcible entry into the residence of the Plaintiff, Sharonda T. Mosley. The Defendant, David Bonenberger, and his partner, Police Officer Banks, should be fully aware that being that they did not have a search warrant, nor an arrest warrant, nor any other probable cause to enter and search the residence of the Plaintiff, Sharonda T. Mosley, and that furthermore the search of the apartment lacked exigent circumstances. [United States v. Santa, 236 F.3d 662]. The Defendant, David Bonenberger, and his partner, Police Officer Banks, should also be fully aware that the police cannot create exigency for search of a leased home. [United States v. Vega, 221 F.3d 789].

## COUNT III

Defendant, David Bonenberger, acting in his official capacity as a deputized Police Officer for the fifth district of the Metropolitan Police Department for the City of Saint Louis, Missouri and his partner, Police Officer Banks, acting in his official capacity as a deputized Police Officer for the fifth district of the Metropolitan Police Department for the City of Saint Louis, Missouri did knowingly and willfully enter the residence without voluntary consent and without warrant, search warrant or probable cause and searched the residence of the Plaintiff, Sharonda T, Mosley, in violation of 18 U.S.C. § 2111 of the Federal Criminal Codes and Rules.

## FACTS

On approximately March 21, 2002 or some time shortly afterwards, the Plaintiff, Sharonda T. Mosley, was in the residence of 2028-A Obear in the City of Saint Louis, Missouri with her daughter, Mikayla, who was approximately 1½ years of age. While attending to the care of her daughter, Defendant, David Bonenberger, and his partner, Police Officer Banks, used an unauthorized key and entered the residence of the Plaintiff, Sharonda T. Mosley. Neither the Defendant, David Bonenberger, nor his partner, Police Officer Banks provided the Plaintiff, Sharonda T. Mosley, with a search warrant, nor an arrest warrant, nor any other justifiable reason to enter the residence and search the residence.

COMMENTARY

Plaintiff, Sharonda T. Mosley, did not give consent for the Defendant, David Bonenberger, nor his partner, Police Officer Banks, to enter the residence nor was there any voluntary consent given by Plaintiff, Sharonda T. Mosley. The Defendant, David Bonenberger, and his partner, Police Officer Banks, used an unauthorized key and entered the residence. Plaintiff, Sharonda T. Mosley, did not give the key to the Defendant, David Bonenberger, nor his partner, Police Officer Banks. Neither did the manager of the College Hills Apartments give the key or consent to enter the residence of Plaintiff, Sharonda T. Mosley. The Defendant, David Bonenberger, and his partner, Police Officer Banks, failed to implement the required "knock and announce" rule which is implicated by the Fourth Amendment of the Constitution of the United States of America. [United States v. Arkansas, 514 U.S. 927]. Therefore consent to enter the residence was not shown to be volutary. [United States v. Ivy, 165 F.3d 397]. The Defendant, David Bonenberger, and his partner, Police Officer Banks, failure to follow proper procedures and lack of probable cause and exigent circumstances, upon entry of the residence of the Plaintiff, Sharonda T. Mosley, committed an act of intimidation and forced the entry thereupon the Plaintiff, Sharonda T. Mosley, and willfully and intentionally committed an act of Burglary in violation of 18 U.S.C. § 2111. The police did not have the authority nor can they create axigency for the unconstitutional entry and search of the residence. [United States v. Vega, 221 F.3d 789].

## COUNT IV

Defendant, David Bonenberger, acting in his official capacity as a deputized Police Officer for the fifth district of the Metropolitan Police Department for the City of Saint Louis, Missouri and his partner, Police Officer Banks, acting in his official capacity as a deputized Police Officer for the fifth district of the Metropolitan Police Department for the City of Saint Louis, Missouri did knowingly and willfully enter the residence without voluntary consent and without warrant, search warrant, or probable cause and brandish a loaded firearm and displayed it in a intimidating manner towards the Plaintiff, Sharonda T. Mosley, in violation of 18 U.S.C. § 113 (a) and (3) of the Federal Criminal Codes and Rules.

## FACTS

On approximately March 21, 2002 or some time shortly afterwards, The Plaintiff, Sharonda T. Mosley, was in the residence of 2028-A Obear in the City of Saint Louis, Missouri with her daughter, Mikayla, who was approximately 1½ years of age. While attending to the care of her daughter, Defendant, David Bonenberger, and his partner, Police Officer Banks, used an unauthorized key and entered the residence of the Plaintiff, Sharonda T. Mosley. Without warrant, search warrant or other probable cause, the Defendant, David Bonenberger, and his partner, Police Officer Banks, drew their firearm from their holster and pointed it at the Plaintiff, Sahronda T. Mosley and her daughter, Mikayla.

## COMMENTARY

Plaintiff, Sharonda T. Mosley, did not give consent for the Defendant, David Bonenberger, nor his partner, Police Officer Banks, to enter the residence nor was there any voluntary consent given by Plaintiff, Sharonda T. Mosley. The Defendant, David Bonenberger, and his partner, Police Officer Banks, used an unauthorized key and entered the residence. Plaitniff, Sharonda T. Mosley, did not give the key to the Defendant, David Bonenberger, nor his partner, Police Officer Banks nor consent to enter the residence of Plaintiff, Sharonda T. Mosley. The Defendant, David Bonenberger, and his partner, Police Officer Banks, failed to implement the "knock and announce" rule and proceeded to enter the residence without a valid arrest warrant, search warrant or any other probable cause. Upon entry into the residence, Defendant, David Bonenberger, and his partner, Police Officer Banks, drew their gun from their holster and pointed it the Plaintiff, Sharonda T. Mosley, and her daughter, Mikayla, and continued to hold them at gun point throughout the entire search of the residence. The Plaintiff, Sharonda T. Mosley, was not permitted to leave the premises nor was she allowed to view the actual search which was being conducted in her residence. The Plaintiff, Sharonda T. Mosley, and her daughter, Mikayla, were both unarmed and there was no reason for them to be considered dangerous nor to be held at gun point by the Defendant, David Bonenberger, nor his partner, Police Officer Banks, who had been trained to kill if necessary.

The Defendant, David Bonenberger, and his partner, Police Officer Banks, clearly committed an act of Assault with a dangerous weapon with an intent to do bodily harm or commit murder without just cause or excuse in violation of 18 U.S.C. § 113 (a) (1) and (3). In addition, Defendant, David Bonenberger, and his partner, Police Officer Banks, clearly committed an act of illegal detention upon Plaintiff, Sharonda T. Mosley, and her daughter, Mikayla, in violation of 18 U.S.C. § 4001 (a).

### COUNT V

Defendant, David Minor, acting in his official capacity as a deputized Police Officer for the fifth district of the Metropolitan Police Department for the City of Saint Louis, Missouri did knowingly and willfully commit conspiracy with Defendant, David Bonenberger, and Police Officer Banks against the Plaintiff, Sharonda T. Mosley, in violation of 18 U.S.C. § 371.

### FACTS

On approximately March 21, 2002 or some time shortly afterwards, the Plaintiff, Sharonda T. Mosley, was in the residence of 2028-A Obear in the City of Saint Louis, Missouri with her daughter, Mikayla, who was approximately 1½ years of age. While attending to the care of her daughter, Defendant, David Bonenberger, and his partner, Police Officer Banks, used an unauthorized key and entered the residence of the Plaintiff, Sharonda T. Mosley.

## COMMENTARY

Plaintiff, Sharonda T. Mosley, did not give consent for the Defendant, David Bonenberger, nor his partner, Police Officer Banks, to enter the residence nor was there any voluntary consent given by Plaintiff, Sharonda T. Mosley. The Defendant, David Bonenberger, and his partner, Police Officer Banks, used an unauthorized key and entered the residence. Plaintiff, Sharonda T. Mosley, did not give the key to Defendant, David Bonenberger, nor his partner, Police Officer Banks nor consent to enter the residence if Plaintiff, Sharonda T. Mosley. The Defendant, David Bonenberger, and his partner, Police Officer Banks, failed to implement the "knock and announce" rule as implicated by the Fourth Amendment of the Constitution of the United States of America and proceeded to enter the residence without a valid search warrant, arrest warrant, or other probable cause or reason for the unconstitutional entry and search. Upon entrance into the residence, Defendant, David Bonenberger, and his partner, Police Officer Banks drew their guns from their holster and aimed it at the Plaintiff, Sharonda T. Mosley, and her daughter, Mikayla, and continued to hold them at gun point throughout the entire search of the residence. The Plaintiff, Sharonda T. Mosley, and her daughter, Mikayla, were both unarmed. During the entire preceding process, Defendant, David Minor, was outside of the residence. Defendant, David Minor, chose to not uphold the law and report the activities and therefore became an accomplice of the conspiracy against the Plaintiff, Sharonda T. Mosley, and is in violation of 18 U.S.C. § 371 on all preceding charges.

## SUMMARY

The Plaintiff, Sharonda T. Mosley, did not give consent for the Defendant, David Bonenberger, nor his partner, Police Officer Banks, to enter the residence nor was there any voluntary consent given by Plaintiff, Sharonda T. Mosley. The Defendant, David Bonenberger, and his partner, Police Officer Banks, did not have a arrest warrant, nor a search warrant, nor any other documentation to justify probable cause for the unconstitutional entry by the use of an unauthorized key and an illegal search of the residence. In addition to this, the Defendant, David Bonenberger, and his partner, Police Officer Banks, having already violated the Fourth Amendment rights of the Plaintiff, Sharonda T. Mosley, proceeded and brandished and displayed a loaded firearm and aimed it at the unarmed Plaintiff, Sharonda T. Mosley, constituting an Assault with a dangerous weapon and also Second Degree Armed Criminal Activity, along with the Burglary from the illegal entry. In addition to this, Defendant, David Minor, witnessed the entire situation without making a report or any attempt to correct the situation and thereby committed conspiracy with his fellow officer's against the Plaintiff, Sharonda T. Mosley. Each of the Defendant's, David Bonenberger, and his partner, Police Officer Banks, and David Minor were all deputized and charged with upholding the laws and statues of the land, however each of their actions fell far short of the requirements of the Metropolitan Police Department or any other law enforcement agency. These Defendant's have caused grievous duress upon the Plaintiff, Sharonda T. Mosley.

**REQUEST FOR RELIEF**

**WHEREFORE,** the Plaintiff, Sharonda T. Mosley, believes that based upon the foregoing statements, facts, records and testimonies, brought forth she is entitled to the following relief:

* Punitive Damages ------------------------------------ $835,000.00

* Pain and Suffering --------------------------------- $719,000.00

* Mental Anguish ------------------------------------- $775,000.00

* Personal Humiliation ------------------------------- $867,000.00

and all other fees and monies that this Honorable Court may deem appropriate and just.

The undersigned declares that under penalty of perjury that they are the Plaintiff in the above action, and that they have read the above complaint and that the information contained therein is true and correct.

*Sharonda Mosley*
Sharonda T. Mosley, Plaintiff