UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SHARONDA T. MOSLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:04CV00016 AGF |
| ) | |
| ST. LOUIS METROPOLITAN POLICE ) | |
| DEPARTMENT, et al., ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

This matter is before the Court on the unopposed joint motion for summary judgment filed by Defendants David Bonenberger and David Minor.[1] Plaintiff filed this action pro se under 42 U.S.C. § 1983 against the Metropolitan Police Department of the City of St. Louis, Missouri; and two St. Louis police officers, Bonenberger and Minor. The Police Department was dismissed as a party by separate Order. For the reasons set forth below, the individual Defendants' motion for summary judgment shall be granted and a final judgment in the case entered.

# BACKGROUND

Plaintiff alleges in her complaint that on March 21, 2002, Officer Bonenberger and his partner entered her apartment using an unauthorized key. She alleges that the officers drew their weapons and kept them pointed at her and her daughter while the officers searched the apartment. Plaintiff alleges that the officers did not have a search

---

[1] The parties have consented to the exercise of authority by the undersigned United States Magistrate Judge under 28 U.S.C. § 636(c).

warrant or any justifiable reason to enter the apartment. She claims that Officer Minor, who remained outside the residence at all times, is liable for conspiring with the searching officers to violate her constitutional rights because he did not report the other officers' conduct. Plaintiff seeks punitive damages and damages for pain and suffering, mental anguish, and humiliation.

In support of their motion for summary judgment, Defendants Bonenberger and Minor have submitted a copy of a search warrant for Plaintiff's apartment. The warrant was issued upon Officer Bonenberger's affidavit that a reliable confidential informant told him that an individual known as Mike was dealing in cocaine from the apartment and was in possession of several handguns that he used to ensure the safety of the operation. The affidavit further stated that the owner of the apartment complex indicated that the apartment in question was leased by Plaintiff. Defs. Ex. A.

Defendants have also submitted Officer Bonenberger's affidavit, in which he attests to the following: Before executing the warrant, he stopped an individual identified as Michael Bozeman, whom he had observed leaving the residence, and told him about the search warrant. Mr. Bozeman told Officer Bonenberger that there was a revolver under the mattress in his bedroom in the apartment, asked Officer Bonenberger not to knock down the door of the apartment, and gave Officer Bonenberger a key to the back door. Officer Bonenberger knocked on the back door of the apartment and was admitted by Plaintiff. He explained to Plaintiff that he had a search warrant, and that Mr. Bozeman was being detained outside pending the results of the search. Officer Bonenberger and the two other officers who were with him had their guns drawn and kept

2

them drawn for two to three minutes, until they were able to determine that no one else was in the apartment. Drugs and guns were found in the apartment, and Plaintiff informed Officer Bonenberger that Mr. Bozeman lived with her there. Officer Bonenberger left a copy of the search warrant with Plaintiff. Defs. Ex. D. Defendant Minor attests by affidavit that he remained in a police van parked outside the residence at all relevant times. Defs. Ex. E.

Defendants have also submitted excerpts of Plaintiff's deposition taken on March 4, 2005. She testified in the deposition that it was possible Mr. Bozeman gave the officers a key to the back door of the apartment she shared with Bozeman. She acknowledged that the officers told her they had a search warrant, but she maintained that it was never shown to her, stating that she did not ask to see it because she was afraid. She admitted that the officers only kept her at gunpoint for about one minute, after which they told Plaintiff and her daughter to stay in the kitchen with one of the officers while the others searched the apartment. Defs. Ex. C-3, C-4.

Based upon the evidence found in the apartment, Mr. Bozeman was charged in federal court with possession with intent to distribute crack cocaine. He stipulated in his guilty plea that the government would prove that the officers in question had a search warrant to search the apartment. Defs. Ex. C.

Officers Bonenberger and Minor argue that the facts presented by them establish that they are entitled to judgment as a matter of law, and that while there remain disputed facts between the parties, such facts are not material. They also argue that they are entitled to summary judgment under the doctrine of qualified immunity. Plaintiff did not

3

respond to the motion for summary judgment. The Court thereafter issued an Order to Show Cause, giving Plaintiff time to show cause why the motion should not be granted, but Plaintiff did not respond to the Order to Show Cause.

## **DISCUSSION**

A motion for summary judgment will be granted when "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." fed. R. Civ. P. 56(c). A "material" fact is one "that might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A "genuine" issue of material fact exists when there is sufficient evidence favoring the party opposing the motion for a jury to return a verdict for that party. Id. In determining whether a genuine issue of material fact exists, the evidence is to be taken in the light most favorable to the nonmoving party. Hott v. Hennepin County, Minn., 260 F.3d 901, 904 (8th Cir. 2001).

If the moving party meets the initial burden of establishing the nonexistence of a genuine issue, the burden then shifts to the opposing party to produce evidence of the existence of a genuine issue for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The opposing party "may not rest upon mere allegation or denials of his pleading, but must set forth specific facts, by affidavit or otherwise, showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); Johnson v. Crooks, 326 F.3d 995, 1005 - 1006 (8th Cir. 2003); Cole v. Bone, 993 F.2d 1328, 1332 (8th Cir. 1993).

In Wilson v. Arkansas, 514 U.S. 927, 936-37 (1995), the Supreme Court held that the reasonableness of the search of a dwelling depended in part on whether the

4

officials announced their presence and authority prior to entering, thereby incorporating the common law "knock and announce" rule into the Fourth Amendment. "[F]or Fourth Amendment purposes, the relevant question is whether the police have reasonable suspicion of exigent circumstances at the time they execute the warrant. . . . "[I]f the facts known prior to obtaining the warrant justify a no-knock entry, and if no contrary facts are discernable to the officers who execute the warrant, the no-knock entry is constitutionally reasonable." Doran v. Eckold, 409 F.3d 958, 965 (8th Cir. 2005).

Qualified immunity shields public officials from suit unless their conduct violated "a clearly established constitutional or statutory right of which a reasonable person would have known." Littrell v. Franklin, 388 F.3d 578, 582 (8th Cir. 2004). "'The qualified immunity standard gives ample room for mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law.'" Walker v. City of Pine Bluff, 414 F.3d 989, 992 (8th Cir. 2005) (quoting Hunter v. Bryant, 502 U.S. 224, 229 (1991)). Courts employ a two-part inquiry to determine whether public officials are entitled to qualified immunity: First, the court considers whether the facts, taken in the light most favorable to the plaintiff, show that the officers' conduct violated a constitutional right; if so, the court next considers whether the right was "clearly established." Saucier v. Katz, 533 U.S. 194, 201 (2001); Craighead v. Lee, 399 F.3d 954, 961 (8th Cir. 2005).

Here, the record conclusively establishes that the officers had a warrant to search Plaintiff's apartment, and Plaintiff's own deposition testimony refutes the allegations in her complaint regarding the officers' behavior once they entered the apartment. In light

5

of the record, including Plaintiff's deposition, no constitutional violation has been shown arising out of such behavior.

As set forth above, Plaintiff has not responded to the motion for summary judgment. If the Court treats Plaintiff's verified complaint as an affidavit,[2] based upon the Court's review of the record, the Court can find only two factual disputes that conceivably remain: whether Plaintiff let the officers into the apartment, and whether the officers showed and/or left a copy of the search warrant with Plaintiff. Plaintiff states in her complaint that she did not let them in, and that she never saw a copy of the warrant; Officer Bonenberger attests in his affidavit that Plaintiff let him and the other officers in, and that they left a copy of the search warrant with her. The Court concludes that these disputes are not material.

The failure to leave a copy of the warrant with Plaintiff, as required by federal rule or by state law, does not involve a violation of a clearly established constitutional right, and thus Officer's Bonenberger and Minor are entitled to qualified immunity on this claim. See Dearmon v. Burgess, 388 F.3d 609, 612-13 (8th Cir. 2004).

With regard to the manner of the officers' entry, Plaintiff has not refuted the evidence that Mr. Bozeman gave the officers a key to the back door of the apartment and consent to enter it in order to execute the search warrant. It is undisputed that Mr. Bozeman had the authority to grant such consent. It is also undisputed that Mr. Bozeman

---

[2] Allegations made in pro se litigants' verified pleadings are properly treated as satisfying affidavit requirements. See Hartsfield v. Colburn, 371 F.3d 454, 456 (8th Cir. 2004) (citing 28 U.S.C. § 1746).

6

told the officers that there was a gun in the apartment. Under these circumstances, the dispute over whether or not Plaintiff let the officers in is not a material dispute. Officers Bonenberger and Minor had both actual and apparent consent to enter the apartment and are entitled to summary judgment as a matter of law on this claim. Alternatively, the Court concludes that, accepting as true Plaintiff's allegation that she did not let the officers in, under these facts the moving Defendants are entitled to summary judgment on this claim on the basis of qualified immunity.

Officer Minor is clearly entitled to summary judgment on Plaintiff's conspiracy claim against him. In order to succeed in a civil rights conspiracy claim, a plaintiff must provide some facts suggesting a mutual understanding between defendants to commit unconstitutional acts. Kurtz v. City of Shrewsbury, 245 F.3d 753, 758 (8th Cir. 2001). The record is devoid of any evidence substantiating a claim of conspiracy between Officer Minor, who remained outside in the van at all relevant times, and the searching officers.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the motion for summary judgment filed by Defendants David Bonenberger and David Minor is **GRANTED**. [Doc. #41]

All claims against all parties having been resolved, a separate Judgment shall accompany this Memorandum and Order.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES MAGISTRATE JUDGE

Dated this 8th day of September, 2005.